# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

JIMMY SATTERFIELD,            )
                              )
            Plaintiff,        )
                              )
v.                            )   Case No. CIV-11-350-RAW
                              )
MICHAEL J. ASTRUE,            )
Commissioner of Social        )
Security Administration,      )
                              )
            Defendant.        )

## REPORT AND RECOMMENDATION

Plaintiff Jimmy Satterfield (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. See, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. See generally, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on January 30, 1967 and was 43 years old at the time of the ALJ's decision. Claimant completed his high school education. Claimant has worked in the past as an assembler/repair person. Claimant alleges an inability to work beginning March 29, 2008 due to limitations resulting from scoliosis, degenerative disc

disease, anxiety disorder, depression, osteoarthritis, hypertension, and a hand disorder.

## Procedural History

On February 2, 2009, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On October 13, 2010, an administrative hearing was held before ALJ Trace Baldwin in Poteau, Oklahoma. On December 9, 2010, the ALJ issued an unfavorable decision on Claimant's applications. The Appeals Council denied review of the ALJ's decision on September 13, 2011. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform his past relevant work as an assembler/repair person.

## Errors Alleged for Review

Claimant asserts the ALJ committed error in: (1) failing to give the opinion of a treating physician appropriate weight; (2) engaging in a faulty credibility determination; and (3) failing to include all of Claimant's limitations in the RFC assessment.

**Treating Physician's Opinion**

In his decision, the ALJ determined Claimant suffered from the severe impairments of scoliosis, degenerative disc disease of the cervical spine with associate headaches, depressive disorder and anxiety disorder, NOS with insomnia. (Tr. 12). In his RFC determination, the ALJ found Claimant could lift and/or carry at least 50 pounds occasionally and at least 25 pounds frequently, stand and/or walk for at least 6 hours in an 8 hour workday, and could sit for at least 6 hours in an 8 hour workday. He limited Claimant to simple and some complex tasks with normal supervision. The ALJ found Claimant could relate to coworkers and supervisors on a superficial basis but cannot work with the general public. (Tr. 15). The ALJ concluded that based upon this RFC, Claimant could return to his past relevant work as an assembler/repair person. (Tr. 22).

Claimant first contends the ALJ erred in giving the opinion rendered by Dr. George Howell, a treating physician, "little weight." Dr. Howell completed a Medical Source Statement of

Ability to Do Work-Related Activities (Physical) form on Claimant. Dr. Howell determined Claimant was limited to maximum continuous sitting and/or standing for 15 minutes and cumulative sitting and/or standing for 2 hours, maximum continuous walking for 1 hour and cumulative time walking for 2 hours, with total combined walking and standing in an 8 hour workday limited to 2 hours. (Tr. 446). He also limited Claimant to lifting and/or carrying occasionally 11-20 pounds and frequently 1-10 pounds. Dr. Howell found Claimant could not use his feet for repetitive movements and could not squat, crawl, climb, or crouch. He also limited Claimant from any exposure to unprotected heights. (Tr. 447).

Dr. Howell classified Claimant's pain as "severe" with objective signs of that pain being joint deformity and muscle spasms. He estimated Claimant would require unscheduled breaks and would have "bad days" requiring his absence from work of more than 4 days per month. (Tr. 448).

In his decision, the ALJ found Dr. Howell's opinion was entitled to "little weight" because it was not fully supported by or consistent with the medical evidence in the record as a whole. (Tr. 19). The ALJ was critical of Dr. Howell's reliance upon Claimant's subjective complaints of pain, which he questions as unreliable. The ALJ also states that Dr. Howell's notes do not

6

reveal "that much of a physical examination was ever completed at office visits. . . ."  (Tr. 19).

In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record." Id. (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Id. (quotation omitted). The factors reference in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion

and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 1300-01 (quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." Id. "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (quotations omitted).

The medical record indicates Claimant was evaluated by Dr. Ashley Gourd on December 19, 2009. Dr. Gourd found Claimant had a stable and steady gait without the use of assistive devices, had essentially normal range of motion in all extremities, and had 5/5 strength in all extremities bilaterally. His grip and great toe strength were equal bilaterally and rated 5/5. Dr. Gourd acknowledged Claimant's chronic back pain and the fact he had been on chronic narcotic medications. Claimant reported he had not had

good relief from his pain but he had not significant range of motion deficits on exam and his strength was intact. (Tr. 415-16).

As indicated by Claimant, the medical records of Drs. Randall Carson, Terry Brackman, and Van Hoang all demonstrate that Claimant was on medications for the treatment of pain and that he suffered from anxiety and depression. (Tr. 315-369, 287-96, 370-74). None of these physicians who treated Claimant, however, have indicated in their records that Claimant experiences the extensive limitations reflected in Dr. Howell's Medical Source Statement.

Moreover, Claimant underwent a consultative psychological examination by Dr. Patricia Watz on August 11, 2009. Dr. Watz noted at that time that, during her examination, Claimant "stood up and stretched. He twisted his back with full range of motion. He bent and almost touched his toes." (Tr. 378-79).

To the extent that they are legible, the medical records provided by Dr. Howell indicate extensive pain treatment. (Tr. 423-45). Again, Dr. Howell's records do not demonstrate that he tested Claimant's ability to engage in the activities reflected in the Medical Source Statement or that he had a sound basis for finding such limitations as a result of his diagnostic efforts or his treatment regimen. Rather, the ALJ has adequately cited to the other medical records to arrive at the conclusion that Claimant's

level of impairment is not accurately represented in Dr. Howell's Medical Source Statement. This Court finds no error in the ALJ's decision to afford Dr. Howell's opinion reduced weight.

### Credibility Determination

Claimant asserts the ALJ did not properly assess his credibility and his complaints of pain. It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on

his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

Dr. Gourd's findings of essentially normal range of motion and strength tends to belie Claimant's extensive claims of unrelieved pain. (Tr. 416-19). Objective medical testing has indicated normal results. (Tr. 208-10, 212-13, 257-58). Claimant was also found to exhibit drug-seeking behavior when he tested positive for opiates but had not been prescribed any medication with opiates. (Tr. 169). The ALJ also properly evaluated Claimant's testimony concerning his daily activities indicating a level of activity which the ALJ considered to be inconsistent with the pain Claimant alleged to be experiencing. This Court concludes the ALJ did not err in his credibility assessment.

### Inclusion of All Impairments in RFC

Claimant contends the ALJ should have included all of the limitations contained in Dr. Howell's Medical Source Statement. Since this Court has found the ALJ did not err in rejecting Dr. Howell's limitations, the ALJ did not err in assessing Claimant's RFC and failing to include Dr. Howell's limitations.

### Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 28th day of February, 2013.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE